850 A.2d 473

IN THE MATTER OF PHILIP L. KANTOR,
AN ATTORNEY AT LAW.

Argued April 27, 2004—Decided June 24, 2004.

*Walton W. Kingsbery, III,* Deputy Ethics Counsel, argued the cause on behalf of the Office of Attorney Ethics.

Respondent did not appear.

Justice ALBIN delivered the opinion of the Court.

The respondent, Philip L. Kantor, is an attorney with a past disciplinary record who abandoned his clients without so much as a warning, leaving their matters in jeopardy; who declined to answer the allegations in the resulting ethics complaint, which charged him with, among other things, gross neglect; who offered no explanation for his conduct or evidence in mitigation of discipline to the Disciplinary Review Board (DRB); and who defied this Court's order to appear and give cause why he should not be disbarred for his professional derelictions. We cannot conclude, as does the DRB, that respondent's utter disregard for the welfare of his clients, for our professional rules, and for the entire disciplinary process merits a six-month suspension. Respondent has left us a record of silence. He has provided no reason to

believe that he is fit to practice law now or in the future. Accordingly, we are constrained to order respondent's disbarment.

## I.

Since his admission to the New Jersey bar in 1990, respondent has been disciplined on two prior occasions. In November 2000, he was reprimanded for violating *Rules of Professional Conduct* (*RPC*) 3.3(a)(1) (making false statement of material fact or law to tribunal), *RPC* 3.3(a)(4) (offering evidence lawyer knows to be false), and *RPC* 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). *In re Kantor*, 165 *N.J.* 572, 761 *A.*2d 538 (2000). In November 2003, we suspended respondent from the practice of law for three months for violating *RPC* 1.1(a) (engaging in gross neglect), *RPC* 1.3 (exhibiting lack of diligence), *RPC* 1.4(a) (failing to communicate with client), *RPC* 1.5(b) (failing to communicate basis or rate of fee in writing to client), and *RPC* 8.1(b) (failing to cooperate with disciplinary authorities). *In re Kantor*, 178 *N.J.* 69, 835 *A.*2d 299 (2003). In that matter, respondent's failure to file an appellate brief resulted in the dismissal of his client's appeal. Respondent never advised the client of the dismissal or took any action to ameliorate the consequences of his derelict behavior. As in this case, respondent failed to respond to the ethics complaint. Moreover, respondent has been ineligible to practice law since September 30, 2002, because he has not paid his annual assessment to the New Jersey Lawyers' Fund for Client Protection.

On July 10, 2003, the Office of Attorney Ethics (OAE) filed a formal ethics complaint,[1] alleging that, in June 2002, respondent abandoned his law practice, in which he had ten active files, without notifying his clients or making provision for the transfer

---

[1] The OAE mailed a copy of the complaint by regular and certified mail to respondent's last known home address. The certified mail was returned marked "Unclaimed." The regular mail was not returned. The complaint also was served on respondent by publication in *Today's Sunbeam* and the *New Jersey Lawyer*.

of their files. Earlier, in March 2003, with regard to those allegations, we had temporarily suspended respondent from the practice of law pursuant to *Rule* 1:20–3(g)(4) (permitting temporary suspension of attorney who fails to cooperate with OAE's request for information) and *Rule* 1:20–11 (permitting temporary suspension of attorney who "poses a substantial threat of serious harm to an attorney, a client or the public"). *In re Kantor,* 175 *N.J.* 555, 817 *A.*2d 317 (2003). We rely on the undisputed facts stated in the complaint presented by the DRB. The Law Division appointed an attorney-trustee, Thomas P. Farnoly, Esq., to take possession of respondent's law practice and to protect the interests of his clients. Based on Mr. Farnoly's investigation, the DRB determined that respondent had "failed to file suit within the statute of limitations, failed to pursue discovery, failed to communicate settlement offers to clients, failed to advise a client that her case had been dismissed, and failed to appear for a court date."

In addition, respondent failed to cooperate with the OAE's investigation of the abandonment of his law practice. Respondent did not respond to an OAE letter or an OAE telephone message left at his home with an unidentified woman, demanding that he appear and produce his attorney financial records for an audit to be conducted on February 27, 2003. Before that date, numerous telephone calls to respondent by Gerald J. Smith, Chief of Investigations of the OAE, went unanswered. Respondent did not appear for the audit or communicate with the OAE. Moreover, respondent did not respond to additional calls from the OAE seeking information pertaining to its investigation. On April 14, 2003, Smith went to the address of respondent's former law office and found that another entity was located there. That same day, Smith "went to respondent's home, and spoke with an individual who identified himself as respondent's brother. Smith asked him to tell respondent that it was extremely important that he contact the OAE. Respondent failed to do so." *Id.* at 6–7.

As a result of that conduct, respondent was charged with violating *RPC* 1.1(a) (engaging in gross neglect), *RPC* 1.1(b)

(engaging in pattern of negligence or neglect), *RPC* 1.3 (exhibiting lack of diligence), *RPC* 1.4(a) (failing to communicate with client), *RPC* 1.16(d) (failing to protect client's interests on termination of representation), and *RPC* 8.1(b) (failing to cooperate with disciplinary authorities). Because respondent did not file an answer to the allegations in the complaint, those allegations were deemed admitted, and the record was certified directly to the DRB for the imposition of discipline.[2] The DRB mailed respondent a letter by certified and regular mail providing notice that he had defaulted and that the DRB would conduct a hearing to review the matter on October 16, 2003. Notice also was provided by publication in the *New Jersey Lawyer* and the *New Jersey Law Journal.* Respondent did not submit an explanation for his conduct. On December 18, 2003, the DRB rendered a unanimous decision, recommending that respondent be suspended from the practice of law for a period of six months with the condition that after his suspension he practice under the supervision of a proctor for two years.

On February 25, 2004, we issued an Order directing respondent to "show cause before this Court on Tuesday, April 27, 2004, at 2:00 p.m. in the Supreme Court courtroom, Hughes Justice Complex, Trenton, why he should not be *disbarred* or otherwise disciplined." (Emphasis added.) Respondent did not appear on that date.

## II.

The abandonment of clients by an attorney is a grave breach of our *Rules of Professional Conduct,* and has warranted our most

---

[2] Pursuant to *Rule* 1:20–4(f)(1),

> [t]he failure of a respondent to file an answer within the prescribed time shall be deemed an admission that the allegations of the complaint are true and that they provide a sufficient basis for the imposition of discipline. No further proof hearing shall be required.... [T]he record in the matter shall be certified by the vice chair, secretary or special ethics master directly to the Disciplinary Review Board for imposition of sanction.

severe disciplinary sanction—disbarment—particularly when the attorney fails to cooperate with the disciplinary process and to appear in response to an Order to Show Cause issued by this Court. In *In re Golden*, 156 *N.J.* 365, 717 *A.*2d 428 (1998), the respondent, Robert Golden, was charged with abandoning his law practice, engaging in gross neglect, exhibiting a lack of diligence, and failing to communicate with his clients.[3] At the time Golden abandoned his law practice, he had seven active client files on which he performed little or no work. *In re Golden*, Docket No. DRB97–097, 2, 3 (DRB March 19, 1998). His derelictions led to the dismissal of one client's appeal. *Ibid.* Golden did not respond to the ethics complaint, offer evidence in mitigation of his conduct, or appear on the return date of an Order to Show Cause issued by this Court. *Id.* at 1; *Golden, supra*, 156 *N.J.* at 365, 717 *A.*2d 428. We disbarred Golden for committing multiple violations of our *RPC*'s. *Golden, supra*, 156 *N.J.* at 365, 717 *A.*2d 428.

In *In re Holman*, 156 *N.J.* 371, 372, 717 *A.*2d 994 (1998), the respondent, Robert Holman, was charged with, among other things, engaging in gross neglect, and conduct involving dishonesty.[4] Those charges arose from Holman's abandonment of his law practice and fifteen clients, from whom he accepted fees without providing services. *In re Holman*, Docket No. DRB97–312, 2, 3 (DRB April 13, 1998). Holman did not answer the ethics complaint or respond to our Order to Show Cause. *Id.* at 1; *Holman, supra*, 156 *N.J.* at 372, 717 *A.*2d 994. We disbarred Holman for committing multiple violations of our *RPC*'s. *Holman, supra*, 156 *N.J.* at 372, 717 *A.*2d 994.

---

[3] Golden was charged specifically with violating *RPC* 1.1(a) (engaging in gross neglect), *RPC* 1.3 (exhibiting lack of diligence), *RPC* 1.4(a) (failing to communicate with clients), and *RPC* 1.16(d) (failing to protect client interests on termination of representation). *Ibid.*

[4] Holman was charged specifically with violating *RPC* 1.16(d) (abandoning clients), *RPC* 1.1(a) (engaging in gross neglect), *RPC* 1.1(b) (engaging in pattern of neglect), *RPC* 1.3 (exhibiting lack of diligence), and *RPC* 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). *Ibid.*

In *In re Clark,* 134 *N.J.* 522, 635 *A.*2d 505 (1993), the respondent, Walter Clark, was charged with abandoning his law practice and with jeopardizing the cases of his clients by various professional derelictions.[5] *See also In re Clark,* Docket No. DRB93–073, 2–11 (DRB July 6, 1993). Clark answered the ethics complaint, but did not appear in response to our Order to Show Cause. *Id.* at 11; *Clark, supra,* 134 *N.J.* at 522, 635 *A.*2d 505. We disbarred Clark—whose conduct the DRB found "appalling"—for committing multiple violations of our *RPC*'s. *Clark, supra,* 134 *N.J.* at 522, 635 *A.*2d 505; *Clark, supra,* DRB93–073, at 13.

## III.

Respondent abandoned his clients without notice to them or the slightest regard for their welfare. To repeat, respondent failed to file a complaint within the statute of limitations, to communicate settlement offers to clients, and to advise one client of the dismissal of her complaint. Respondent also has shown an utter disregard for the disciplinary process as evidenced by his decision not to cooperate with the ethics investigation, to answer the complaint, to submit mitigation evidence to the DRB, or to respond to this Court's Order to Show Cause. This is not the first time respondent has been cited for failing to cooperate with an OAE investigation or the first time he has been disciplined. Respondent has presented no evidence in mitigation of his dereliction or in support of his fitness to practice law. There is nothing in the record to suggest that he is salvageable as an attorney. Under those circumstances, we cannot agree with the DRB that a six-month suspension is sufficient to ensure the integrity of the disciplinary process and to protect the public. *See In re Gallo,* 178 *N.J.* 115, 122, 835 *A.*2d 682 (2003) ("[T]he purpose of the disciplinary review

---

[5] Clark was charged specifically with violating *RPC* 1.1(a) (engaging in gross neglect), *RPC* 1.1(b) (engaging in pattern of neglect), *RPC* 1.3 (exhibiting lack of diligence), *RPC* 1.4 (failing to communicate with client), *RPC* 8.4(d) (engaging in conduct prejudicial to administration of justice), and *RPC* 8.1(b) (failing to cooperate with disciplinary authorities). *Ibid.*

process is to protect the public from unfit lawyers and promote public confidence in our legal system.").

Respondent's abandonment of his clients and his multiple derelictions, combined with his refusal to cooperate with the ethics investigation and to respond to an Order to Show Cause issued by this Court, merits disbarment. An attorney who declines to appear before this Court to explain his unprofessional conduct and who offers no evidence in mitigation of punishment for disciplinary infractions as serious as those in this case openly displays his unfitness to continue to practice law.

### IV.

For these reasons, we issue an Order disbarring respondent from the practice of law.

### ORDER

It is ORDERED that **PHILIP L. KANTOR** of **WILLIAMSTOWN**, who was admitted to the bar of this State in 1990, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that **PHILIP L. KANTOR** comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that **PHILIP L. KANTOR** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that **PHILIP L. KANTOR** reimburse the Disciplinary Oversight Committee for appropriate administrative costs.

*For disbarment*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN and WALLACE—7.

*Opposed*—None.