857 A.2d 174

IN THE MATTER OF ELLIOTT D. MOORMAN,
AN ATTORNEY AT LAW.

September 16, 2004.

**ORDER**

The Disciplinary Review Board having filed its decision with the Court in DRB 03–436, concluding that **ELLIOTT D. MOORMAN** of **EAST ORANGE**, who was admitted to the bar of this State in 1977, and who has been suspended from the practice of law since February 28, 2003, pursuant to Orders of this Court filed January 30, 2003, June 26, 2003, and November 25, 2003, should be suspended from practice for a period of one year for violating *RPC* 1.1(a)(gross neglect), *RPC* 1.2(failure to abide by the client's decisions concerning the objectives of the representation), *RPC* 1.3(lack of diligence), *RPC* 1.4(failure to communicate with client), *RPC* 1.5(b)(failure to provide a retainer agreement), and *RPC* 8.1(b)(failure to cooperate with disciplinary authorities);

And **ELLIOTT D. MOORMAN** having been ordered to show cause why he should not be disbarred or otherwise disciplined and having failed to appear on the return date of the Order to Show Cause;

And the Court having determined from its review of the record in this matter and respondent's extensive history of unethical conduct that disbarment is required. *In re Kantor*, 180 *N.J.* 226, 850 *A.2d* 473(2004);

And good cause appearing;

It is ORDERED that **ELLIOTT D. MOORMAN** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys; and it is further

ORDERED that **ELLIOTT D. MOORMAN** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with *Rule* 1:20–20, dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **ELLIOTT D. MOOR-MAN** pursuant to *Rule* 1:21–6, which were restrained from disbursement by Order of the Court filed October 29, 2003, shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.