858 A.2d 554

IN THE MATTER OF FRANCIS X. GAVIN,
AN ATTORNEY AT LAW.

October 1, 2004.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03-424, concluding that **FRANCIS X. GAVIN** of **HACKETTSTOWN,** who was admitted to the bar of this State in

1981, and who thereafter was suspended from the practice of law effective March 19, 2002, by Order of this Court filed February 22, 2002, and who remains suspended at this time, should be suspended from the practice of law for a period of six months for violating *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.15(b) (failure to promptly disburse funds to client), and *RPC* 8.1(b) (failure to reply to reasonable requests for information from a disciplinary authority);

And **FRANCIS X. GAVIN** having failed to appear as ordered by the Court, to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the record in this matter and on the basis of respondent's failure to appear on the Court's Order to Show Cause that disbarment is required, *In re Kantor* 180 *N.J.* 226, 850 *A.*2d 473 (2004);

And good cause appearing;

It is ORDERED that **FRANCIS X. GAVIN** be disbarred, effective immediately, that his name be stricken from the roll of attorneys, and that he be permanently restrained and enjoined from practicing law; and it is further;

ORDERED that respondent comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **FRANCIS X. GAVIN** pursuant to *Rule* 1:21–6 shall be restrained from disbursement except on application to this Court for good cause shown and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending further Order of this Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.